## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:12CR186** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JOSE LUIS FONSECA RAMIREZ,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion in Limine Regarding Collateral Attack of Deportation and Admission of A-File Documents (Filing No. 59), the Defendant's Objection to Government's Motion in Limine (Filing No. 75), and the Defendant's Motion in Limine (Filing No. 77), to which the Plaintiff has not responded.

The Defendant Jose Luis Fonesca Ramirez has been charged with reentry into the United States after deportation, in violation of 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(2). The Plaintiff seeks to preclude the Defendant from attacking the validity of his prior deportation at trial, noting that any such challenge should be made in a pretrial proceeding. *See United States v. Torres-Sanchez*, 68 F.3d 227 (8th Cir. 1995) (citing *United States v. Mendoza–Lopez*, 481 U.S. 828, 837 (1987)) ("In a section 1326 prosecution for illegal reentry, proof that the prior deportation was lawful is not required as an element of the offense.").

The Defendant notes that he has made a "decision not to request a hearing to collaterally attack the prior deportation order" but suggests that he should not be precluded from engaging in "cross-examination and adversarial testing" on the subject at trial. (Objection to Government's Mot. in Limine, Filing No. 75 at 1.) The Defendant also contends that records in his administrative file ("A-File") documenting his prior deportations, exclusions, or removals,

are testimonial in nature and their admission would violate the Confrontation Clause of the Sixth Amendment.  (*Id.*)

Official records in the Defendant's A-File, prepared in the ordinary course of government business and not created in anticipation of litigation or future criminal prosecution, are non-testimonial and their admission is not precluded by the Confrontation Clause of the Sixth Amendment.  *See United States v. Torres-Villalobos*, 487 F.3d 607, 612-13 (8th Cir. 2007) (holding that witnesses' declarations in warrants of deportation are not testimonial). "In determining whether a statement implicates the Confrontation Clause, the crucial inquiry is whether the record was 'created . . . for the purpose of establishing or proving some fact at trial.'" *United States v. Brooks*, 715 F.3d 1069, 1079 (8th Cir. 2013) (quoting *Melendez–Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009)).  Records created for the purpose of effecting a deportation, or documenting its occurrence, are not testimonial and their admission in subsequent illegal-reentry proceedings is not precluded by the Confrontation Clause.

With regard to the Defendant's potential "cross-examination and adversarial testing," the Court cannot anticipate what questions may be asked at trial, and will reserve ruling until such questions are considered in context.

The Defendant seeks to preclude the Plaintiff from referring to, mentioning, or eliciting any testimony or evidence about (1) statements made by the Defendant regarding any prior wrongs or bad acts; (2) the plea agreement and petition to enter a guilty plea signed by the Defendant in January 2013, and negotiations that led to the signing of those documents; (3) evidence of prior criminal charges that need not be proved to a jury; and (4) the terms "alien," "illegal," or any other term suggesting the Defendant's non-citizenship status.

Because the Plaintiff has not responded to the Defendant's Motion in Limine, the Court infers that the Plaintiff does not intend to refer to, mention, or elicit testimony about the subjects that are of concern to the Defendant. While "alien," "illegal," and other such terms suggesting the Defendant's non-citizenship status may be relevant and appropriate in the context of testimony or other evidence offered to prove an element of the charged offense, counsel for the Plaintiff will refrain from using such terms to describe the Defendant in a manner that suggests to the jury that such element has been proven before proof is offered and received.

IT IS ORDERED:

1. The Plaintiff's Motion in Limine (Filing No. 59) is granted in part, as follows:

   The Defendant is precluded, in limine, from presenting testimony or evidence in collateral attack of his prior deportation order at trial; and

   The Motion is otherwise denied;

2. The Defendant's Objection to Government's Motion in Limine (Filing No. 75) is granted in part, as follows:

   The Defendant will not be precluded, in limine, from cross examining the Plaintiff's witnesses or engaging in other adversarial testing of the Plaintiff's evidence at trial on the subject of the Defendant's prior deportation; and

   The Objection is otherwise denied; and

3. The Defendant's Motion in Limine (Filing No. 77) is granted.

DATED this 5th day of July, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

3